**Geraldine K. CARROLL, Administratrix of the Estate of James H. Carroll, Plaintiff–Appellant,**

v.

**OWENS–ILLINOIS GLASS COMPANY; Owens–Corning Fiberglas Corporation; Garlock, Inc.; Anchor Packing Company, Defendants–Appellees.**

No. 98–5680.

United States Court of Appeals, Sixth Circuit.

June 8, 2001.

Before JONES, BOGGS, and COLE, Circuit Judges.

ORDER

In July 1991. Plaintiff–Appellant Geraldine Carroll filed a personal injury, wrongful death, and loss of consortium action in the United States District Court for the Western District of Kentucky. Her action arose out of the injury and subsequent death of her husband, James Carroll, who had been diagnosed with a mild, non-aggressive form of asbestosis in 1983 and lung cancer in early 1991. By order dated April 16, 1998, the district court granted partial summary judgment in favor of Defendants on the ground that the applicable statute of limitations for both diseases began at the time of the 1983 asbestosis diagnosis, thus time-barring Plaintiff's personal injury and loss of consortium claims. On August 4, 1999, we filed an order for certification of law to the Supreme Court of Kentucky, requesting a determination as to whether Kentucky's one-year statute

of limitations does in fact bar Plaintiff's claims. On March 22, 2001. Supreme Court of Kentucky issued its certification of law, holding:

> After reviewing the record and hearing oral argument, we conclude that while Kentucky has never been a "two disease" state (which would allow for recovery following the discovery of each disease), because asbestosis and lung cancer are separate and distinct diseases, both arising from asbestos exposure, Kentucky's one-year statute of limitations should not bar Appellant's cancer claim simply because Carroll did not pursue a potential claim for the fear or the enhanced risk of developing cancer following an asbestosis diagnosis seven years earlier.
>
> . . . . .
>
> [W]e hold that the action for cancer accrued on the date of the diagnosis of the cancer, not the diagnosis of asbestosis, which is a separate and distinct disease.

*Carroll v. Owens–Corning Fiberglas Corp., et al.,* 37 S.W.3d 699, 700, 703 (Ky.2000). Thus, under Kentucky law, Plaintiff's personal injury and loss of consortium claims-both based on lung cancer and not asbestosis-are not time-barred as they were brought within one year of her husband's 1991 lung cancer diagnosis.

We hold that the district court erred in determining that the statute of limitations for Plaintiff's cancer claims began to run at the time of her husband's 1983 asbestosis diagnosis. Accordingly, we VACATE the district court's April 16, 1998, order granting partial summary judgment in favor of Defendants, and REMAND this case to the district court for further proceedings.